ORDER DENYING MOTION FOR REHEARING/RECONSIDERATION

WILSON D. BROTT, Chief Judge.
Respondent mother J.J., through counsel, has filed a motion requesting rehearing or reconsideration with respect to this Court’s decision to terminate her parental rights as to S.R.S. Respondent argues that the child in question, who is 16 years old, intends to “do what she wishes at this age, and is not going to accept the Court’s interference with her relationship with the mother” and that the Court will then be forced to bring the parties in for repeated show causes, etc. Respondent further argues that the Court did not take into account cultural factors due to the Respondent being Native American.
Motions for reconsideration are governed by GTBCR 4.119(F), which states:
(1) Unless another rule provides a different procedure for reconsideration of a decision (see, e.g., Rule 4.604[A], 4.612), a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 14 days after entry of an order disposing of the motion.
(2) No response to the motion may be filed, and there is no oral argument, unless the court otherwise directs.
(3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.
The Court terminated the parental rights of Respondent-mother J.J. because *173 the Court was convinced that the testimony of the witnesses, taken as a whole, established sufficient grounds by clear and convincing evidence that Respondent’s rights should be terminated. While the Guardian Ad Litem and more than one witness advocated for the child’s position that parental lights to her mother should not be terminated, the Court found that the evidence in this case substantially outweighed that position. In other words, the Court found that the Respondent mother has a significant, chronic and substantial alcohol problem, and has a history of repeated relapses which have occurred again and again, particularly once she is no longer on any court-ordered supervision. Furthermore, several relapses within the pen-dency of this case occurred while on court-ordered supervision. As a i*esult, the Court felt that taking the entire record and history of Ms. J. and her chronic substance abuse into account, the seriously neglected condition each child was found to be in and were forced to suffer while Respondent was using (very much including the child in question), and the substantial efforts made by this Court (and others) in the past which have been unsuccessful, that termination of parental rights was more than justified and proven by the Tribal Presenting Officer as to the child in question.
The Court concluded that the risk of harm to the child if the parental rights were not terminated, combined with the evidence of the lack of adequate parenting and supervision by the Respondent mother in the past, substantially outweighed the child’s desire that her mother’s parental rights not be terminated. There is no provision within the Tribal Code that the Court must blindly follow the wishes of the child when considering whether or not to terminate parental rights. When considering the best interests of the child as defined in 10 GTBC § 102(d), “the reasonable preference of the child” as stated in 10 GTBC § 102(d)(9) is but one of thirteen factox*s to be considered by the Court. The testimony presented was that in spite of the Respondent mother’s significant lack of supervision and neglect of this child/that the child was fiercely loyal to her mother. The Court took this fierce loyalty in the face of substantial and overwhelming evidence of her mother’s neglect into account and found that the child’s preference was not reasonable under the circumstances.
Neither the record nor the law' supports Respondent’s contention that the Court did not appropriately take into account factors related to Native Amei'ican culture or society. Respondent has cited no law which indicates that the standard of proof required in this case is anything other than what is required under the Grand Traverse Band Tribal Code, specifically 10 GTBC § 125. Respondent appears to be implying that the Indian Child Welfare Act (25 U.S.C.A. § 1901 et ser/., also known as “ICWA”) should be applied to this case, but cites no authority for the position that the provisions of ICWA should be applied by a Tribal court (as opposed to a state court) in a child welfare proceeding. The Grand Traverse Band of Ottawa and Chippewa Indians has the authority as a sovereign nation to develop its own standards for termination of parental rights, which it did when adopting the Children’s Code (10 GTBC § 101 et see/.).
WHEREFORE, for the reasons stated above as well as the reasons stated on the record in the original hearing, the Respondent-mother’s motion for rehearing and/or reconsideration of the order terminating the Respondent’s parental rights to S.R.S., are hereby DENIED.